IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
NOV 17 2017
JAMES W. McCORMACK, CLERK
By: [signature] DEP CLERK

SHAWN C. ALLEN #158525 PLAINTIFF

5:17-CV-302-BRW-BD

VS. CASE NO. ______ / JURY TRIAL

(DIRECTOR OF ARKANSAS
DEPARTMENT OF CORRECTIONS)
WENDY KELLY, ET.AL, DEFENDANTS

---

VERIFIED COMPLAINT OF SHAWN C. ALLEN

---

I.

JURISDICTION & VENUE

This case assigned to District Judge Wilson
and to Magistrate Judge Deere

1) THIS IS A CIVIL ACTION AUTHORIZED BY 42 U.S.C. SECTION 1983 TO REDRESS THE DEPRIVATION, UNDER COLOR OF STATE LAW, OF RIGHTS SECURED BY THE CONSTITUTION OF THE UNITED STATES. THE COURT HAS JURISDICTION UNDER 28 U.S.C. SECTION 1331 AND 1343 (a)(3). PLAINTIFF SEEKS DECLARATORY RELIEF PURSUANT TO 28 U.S.C. SECTION 2201 AND 2202. PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIEF ARE AUTHORIZED BY 28 U.S.C. SECTION 2283 & 2284 AND RULE 65 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

2) THE EASTERN DISTRICT OF ARKANSAS IS AN APPROPRIATE VENU UNDER 28 U.S.C. SECTION 1391 (b)(2) BECAUSE IT IS WHERE THE EVENTS GIVING RISE TO THIS CLAIM [redacted] OCCURRED.

## II. PLAINTIFF

3) PLAINTIFF, SHAWN C. ALLEN, IS AND WAS AT ALL TIMES MENTIONED HEREIN A PRISONER OF THE STATE OF ARKANSAS IN THE CUSTODY OF THE ARKANSAS DEPARTMENT OF CORRECTIONS. HE IS CURRENTLY CONFINED IN CUMMINS UNIT, IN GRADY AR, 71644-0500.

## III. DEFENDANTS

4) DEFENDANT, WENDY KELLY IS THE DIRECTOR OF THE ARKANSAS DEPARTMENT OF CORRECTIONS. SHE IS LEGALLY RESPONSIBLE FOR THE OVERALL OPERATION OF THE DEPARTMENT AND EACH INSTITUTION UNDER ITS JURISDICTION, INCLUDING CUMMINS UNIT.

5) DEFENDANT, WARDEN STRAUGHN IS THE SUPERINTENDANT/WARDEN OF CUMMINS UNIT. HE IS LEGALLY RESPONSIBLE FOR THE OPERATION OF CUMMINS UNIT AND FOR THE WELFARE OF ALL THE INMATES IN THAT PRISON.

6.) DEFENDANT, <u>DEPUTY WARDEN BUDNICK</u> IS THE ASSISTANT SUPERINTENDANT/WARDEN OF CUMMINS UNIT. HE IS ALSO LEGALLY RESPONSIBLE FOR THE OPERATION OF CUMMINS UNIT AND FOR THE WELFARE OF ALL THE INMATES IN THAT PRISON.

7.) DEFENDANT, <u>VERNON ROBERTSON</u> IS A CORRECTIONAL OFFICER OF THE ARKANSAS DEPARTMENT OF CORRECTIONS WHO, AT ALL TIMES MENTIONED IN THIS COMPLAINT, HELD THE RANK OF MAJOR AND WAS ASSIGNED TO CUMMINS UNIT.

8.) DEFENDANTS, <u>JOHN/JANE DOES</u> ARE CORRECTIONAL OFFICERS AND ERTS OF THE ARKANSAS DEPARTMENT OF CORRECTIONS WHO, AT ALL TIMES MENTIONED IN THIS COMPLAINT, HELD THE RANKS OF SERGEANT AND ABOVE.

9.) DEFENDANTS, <u>JOHN/JANE DOES</u> ARE CORRECTIONAL OFFICERS AND/OR HOE SQUAD RIDERS OF THE ARKANSAS DEPARTMENT OF CORRECTIONS WHO, AT ALL TIMES MENTIONED IN THIS COMPLAINT, HELD THE RANKS OF SERGEANT AND ABOVE.

10.) EACH DEFENDANT IS SUED INDIVIDUALLY AND IN HIS OR HER OFFICIAL CAPACITY. AT ALL TIMES MENTIONED IN THIS COMPLAINT EACH DEFENDANT ACTED UNDER THE COLOR OF STATE LAW.

# IV.
## FACTS

I, SHAWN C. ALLEN #158525, THE COMPLAINANT AND PLAINTIFF, PRO SE, AM COMPETENT TO TESTIFY AND HAVE PERSONAL KNOWLEDGE REGARDING THE STATEMENTS [redacted] CONTAINED IN THIS COMPLAINT. I DO HEREBY STATE AND VERIFY THE FOLLOWING:

11). I WAS AN INMATE AT CUMMINS UNIT LIVING IN 10B/ BARRACKS RACK# 20 ON 9-14-17 WHEN E.R.T. AND OTHERS WAS DEPLOYED AT THE CUMMINS UNIT.

12). UPON INFORMATION AND BELIEF E.R.T. AND THE HOE SQUAD RIDERS OF THE ARKANSAS DEPARTMENT OF CORRECTIONS DID NOT GIVE THE INMATES IN 9B/BARRACKS THE OPPORTUNITY TO SURRENDER WHEN THEY WAS TRAPPED BETWEEN EAST 2 AND EAST 3 RIOT GATES, AND WHEN THEY WAS LYING ON THEIR RACKS AND BATHROOM/BARRACKS FLOOR BEFORE EXTREME TACTICAL FORCE WAS USED. SEE ATTACHED PLAINTIFF'S EX. B. DECLARATION OF BRIAN KEITH MORRISON. FACT NO. 3. (11/10/17); SEE ATTACHED PLAINTIFF'S EX. C. DECLARATION OF JOHNATHAN WAYNE HUNT. FACT NO. 3. (11/10/17); SEE ATTACHED PLAINTIFF'S EX. D. DECLARATION OF DEWAYNE WRIGHT. FACT NO. 3. (11/10/17).

13). I, THE PLAINTIFF SHAWN C. ALLEN WAS NOT INVOLVED IN ANYTHING AND SHOULD'VE BEEN AFFORDED THE OPPORTUNITY

TO SURRENDER WHEN I WAS TRAPPED BETWEEN EAST 2 AND EAST 3 RIOT GATES, LYING ON THE BATHROOM FLOOR BEFORE EXTREME TACTICAL FORCE WAS USED. SEE ATTACHED PLAINTIFF'S EX. A-1. UNIT LEVEL GRIEVANCE, SHAWN C. ALLEN (9-16-17); SEE ATTACHED PLAINTIFF'S EX. B. DECLARATION OF BRIAN KEITH MORRISON. FACT NO. 4. (11/10/17); SEE ATTACHED PLAINTIFF'S EX. C. [redacted] DECLARATION OF JOHNATHAN WAYNE HUNT. FACT NO. 4. (11/10/17); SEE ATTACHED PLAINTIFF'S EX. D. DECLARATION OF DEWAYNE WRIGHT. FACT NO. 4 (11/10/17); SEE ATTACHED PLAINTIFF'S EX. E. DECLARATION OF DERRICK GOFF. FACT NO. 3. (11/10/17).

14). I WITNESSED EVERYTIME INMATE CAMACHO STUCK HIS HEAD OUTSIDE OF 10B/BARRACKS DOOR E.R.T. AND OTHERS SHOT AT HIM. [redacted] SEE ATTACHED PLAINTIFF'S EX. B. DECLARATION OF BRIAN KEITH MORRISON. FACT NO. 5. (11/10/17); SEE ATTACHED PLAINTIFF'S EX. C. DECLARATION OF JOHNATHAN WAYNE HUNT. FACT NO. 5 (11/10/17); SEE ATTACHED PLAINTIFF'S EX. D. [redacted] DECLARATION OF DEWAYNE WRIGHT. FACT NO. 5. (11/10/17); SEE ATTACHED PLAINTIFF'S EX. E. DECLARATION OF DERRICK GOFF. FACT NO. 4. (11/10/17).

15). WHEN E.R.T. AND THE HOE SQUAD RIDERS BREACHED 10B/ BARRACKS EVERYBODY WAS LYING FACE DOWN TRYING TO SURRENDER. SEE ATTACHED PLAINTIFF'S EX. B. DECLARATION OF BRIAN KEITH MORRISON. FACT NO. 6. (11/10/17); SEE ATTACHED PLAINTIFF'S EX. C. DECLARATION OF JOHNATHAN WAYNE HUNT. FACT NO. 6. (11/10/17); SEE ATTACHED PLAINTIFF'S EX. D.

Declaration of Dewayne Wright. Fact no. 6. (11/10/17). see attached Plaintiff's Ex. E. Declaration of Derrick Goff. Fact no. 5. (11/10/17).

16. Upon information and belief of the inmates housed in 9B/Barracks on 9-14-17 three (3) inmates were kicked and beat up by E.R.T. and Hoe Squad Riders while they was lying face down on the floor trying to surrender. see attached Plaintiff's Ex. B. Declaration of Brian Keith Morrison. Fact no. 7. (11/10/17); see attached Plaintiff's Ex. C. Declaration of Johnathan Wayne Hunt. Fact no. 7. (11/10/17); see attached Plaintiff's Ex. D. Declaration of Dewayne Wright. Fact no. 7 (11/10/17).

17. E.R.T. and the Hoe Squad Riders gased and shot in 10B/Barracks for approx. 25 to 30 minutes constantly, see attached Plaintiff's Ex. A-1. Unit Level Grievance of Shawn C. Allen. Step Two. (9/18/17); see attached Plaintiff's Ex. B. Declaration of Brian Morrison. Fact no. 8. (11/10/17); see attached Plaintiff's Ex. C. Declaration of Johnathan Wayne Hunt. Fact no. 8 (11/10/17); see attached Plaintiff's Ex. D. Declaration of Dewayne Wright. Fact no. 8. (11/10/17), this slightly impaired and gave me a constant ringing of the ear, also, the gases nearly suffocated me. see attached Plaintiff's Ex. A-1. Unit Level Grievance. Shawn C. Allen. Step One. (9-16-17).

18. DEWAYNE WRIGHT TOLD ME AND OTHERS WHEN WE WAS IN THE VISITATION AREA SHORTLY LIKE 10 MINS AFTER WE HAD BEEN EXTRACTED THAT AN C.R.T. MEMBER OR HOE SQUAD RIDER DURING THE BREACH CALLED HIS NAME AND WHEN HE LOOKED UP THEY KICKED HIM IN THE FACE. SEE ATTACHED PLAINTIFF'S EX. B. DECLARATION OF BRIAN KEITH MORRISON. FACT NO. 9. (11/10/17); SEE ATTACHED PLAINTIFF'S EX. C. DECLARATION OF JOHNATHAN WAYNE HUNT. FACT NO. 9. (11/10/17); SEE ATTACHED PLAINTIFF'S EX. D. DECLARATION OF DEWAYNE WRIGHT. FACT NO. 9. (11/10/17).

19. I THOUGHT I WAS GOING TO DIE DURING C.R.T.'S AND THE HOE SQUAD RIDER'S BREACH ON 10B/BARRACKS.

20. DEFENDANT, WARDEN STRAUGHN PARTICIPATED DIRECTLY IN THE CRUEL AND ~~[illegible]~~ UNUSUAL PUNISHMENT AND WAS DELIBERATELY INDIFFERENT TO THE PLAINTIFF'S RIGHTS, HEALTH AND SAFETY BECAUSE AFTER BEING INFORMED OF THE VIOLATION THROUGH A REPORT OR APPEAL, FAILED TO REMEDY THE WRONG, HE ALSO CREATED A POLICY OR CUSTOM UNDER WHICH UNCONSTITUTIONAL PRACTICES OCCURED, OR ALLOWED THE CONTINUANCE OF SUCH A POLICY OR CUSTOM, HE ALSO WAS GROSSLY NEGLIGENT IN SUPERVISING SUBORDINATES WHO COMMITTED THE WRONGFUL ACTS, HE ALSO EXHIBITED DELIBERATE INDIFFERENCE TO THE RIGHTS OF INMATE SHAUN C. ALLEN (PLAINTIFF) BY FAILING TO ACT ON INFORMATION INDICATING THAT UNCONSTITUTIONAL ACTS WERE ~~OCCURRING~~ OCCURRING. SEE ATTACHED PLAINTIFF'S EX. A-2. WARDEN/CENTER SUPERVISOR'S

DECISION WARDEN STRAUGHN. (9/22/17).

21). DEFENDANT, DEPUTY WARDEN BUDNICK WAS PRESENT AND PARTICIPATED DIRECTLY IN THE CRUEL AND UNUSUAL PUNISHMENT AND WAS DELIBERATELY INDIFFERENT TO THE PLAINTIFF'S RIGHTS, HEALTH AND SAFETY BECAUSE HE ALLOWED THE CONTINUANCE OF AN UNCONSTITUTIONAL PRACTICE, CUSTOM, OR POLICY, HE ALSO WAS GROSSLY NEGLIGENT IN SUPERVISING SUBORDINATES WHO COMMITTED THE WRONGFUL ACTS.

22). DEFENDANT, MAJOR VERNON ROBERTSON WAS PRESENT AND PARTICIPATED DIRECTLY IN THE CRUEL AND UNUSUAL PUNISHMENT AND WAS DELIBERATELY INDIFFERENT TO THE PLAINTIFF'S RIGHTS, HEALTH AND SAFETY BECAUSE HE ALLOWED THE CONTINUANCE OF AN UNCONSTITUTIONAL PRACTICE, CUSTOM, OR POLICY, HE ALSO WAS GROSSLY NEGLIGENT IN SUPERVISING SUBORDINATES WHO COMMITTED THE WRONGFUL ACTS.

23). DEFENDANT, DIRECTOR WENDY KELLY PARTICIPATED DIRECTLY IN THE CRUEL AND UNUSUAL PUNISHMENT AND WAS DELIBERATELY INDIFFERENT TO THE PLAINTIFF'S RIGHTS, HEALTH AND SAFETY BECAUSE AFTER BEING INFORMED OF THE VIOLATION THROUGH A REPORT OR APPEAL, FAILED TO REMEDY THE WRONG, SHE ALSO CREATED A POLICY OR CUSTOM UNDER WHICH UNCONSTITUTIONAL PRACTICES OCCURRED, OR ALLOWED THE CONTINUANCE OF SUCH A POLICY OR CUSTOM, SHE WAS GROSSLY NEGLIGENT IN SUPERVISING SUBORDINATES WHO COMMITTED THE WRONGFUL ACTS,

AND SHE EXHIBITED DELIBERATE INDIFFERENCE TO THE RIGHTS OF PLAINTIFF SHAWN C. ALLEN BY FAILING TO ACT ON INFORMATION INDICATING THAT UNCONSTITUTIONAL ACTS WERE OCCURRING. SEE ATTACHED <u>PLAINTIFF'S EX. A-3. CHIEF DEPUTY/DEPUTY/ASSISTANT DIRECTOR'S DECISION. DIRECTOR WENDY KELLY. (10-24-17).</u>

24). I WAS LYING ON THE BATHROOM FLOOR DURING THE BREACH WHEN I SEEN A CHUNK OF THE SHOWER ENTRANCE WALL WAS BLOWN TO PIECES. SEE ATTACHED <u>PLAINTIFF'S EX. A-1. UNIT LEVEL GRIEVANCE OF SHAWN C. ALLEN. (9-16-17).</u>

## V.

## <u>EXHAUSTION OF LEGAL REMEDIES</u>

25). PLAINTIFF SHAWN C. ALLEN USED THE PRISONER GRIEVANCE PROCEDURE AVAILABLE AT CUMMINS UNIT TO TRY AND SOLVE THE PROBLEM. ON 9-16-17 PLAINTIFF SHAWN C. ALLEN PRESENTED THE FACTS RELATING TO THIS COMPLAINT. SEE ATTACHED <u>PLAINTIFF'S EX. A-1. UNIT LEVEL GRIEVANCE OF SHAWN C. ALLEN. (9-16-17).</u>

26). ON 9-18-17 PLAINTIFF SHAWN C. ALLEN RECEIVED A RESPONSE STATING "STAFF USED THE AMOUNT OF FORCE...." SEE ATTACHED <u>PLAINTIFF'S EX. A-1. UNIT LEVEL GRIEVANCE OF SHAWN C. ALLEN. (9-18-17).</u>

27). ON 9-18-17 PLAINTIFF SHAWN C. ALLEN PRESENTED THE FACTS RELATING TO THIS COMPLAINT TO THE WARDEN IN A FORMAL GRIEVANCE (STEP 2). SEE ATTACHED PLAINTIFF'S Ex. A-1. UNIT LEVEL GRIEVANCE OF SHAWN C. ALLEN. STEP 2. (9-18-17).

28). ON 9-22-17 PLAINTIFF SHAWN C. ALLEN RECEIVED A RESPONSE STATING THAT PLAINTIFF SHAWN C. ALLEN'S GRIEVANCE HAD NO MERIT. SEE ATTACHED PLAINTIFF'S Ex. A-2. WARDEN/CENTER SUPERVISOR'S DECISION. WARDEN STRAUGHN. (9-22-17).

29). ON 9-25-17 PLAINTIFF SHAWN C. ALLEN APPEALED THE DECISION OF THE WARDEN. SEE ATTACHED PLAINTIFF'S Ex. A-2. WARDEN/CENTER SUPERVISOR'S DECISION, SHAWN C. ALLEN. INMATE APPEAL. (9-25-17).

30) ON 10-24-17 THE DIRECTOR WENDY KELLY DENIED THE PLAINTIFF SHAWN C. ALLEN'S APPEAL AS HAVING NO MERIT. SEE ATTACHED PLAINTIFF'S Ex. A-3. CHIEF DEPUTY/DEPUTY/ASSISTANT DIRECTOR'S DECISION. DIRECTOR WENDY KELLY. (10-24-17).

# VI.
## LEGAL CLAIMS

31). PLAINTIFF REALLEGES AND INCORPORATE BY REFERENCE PARAGRAPHS 1-30.

32). ON 9-14-17 AT CUMMINS UNIT IN GRADY, AR 71644 THE DEFENDANTS MALICIOUS ACTIONS [redacted] UNDER COLOR OF STATE LAW CAUSED THE PLAINTIFF TEMPORARY HEARING LOST WITH A CONSTANT RINGING IN MY EAR THIS INCIDENT ALSO CAUSED THE PLAINTIFF SEVERE MENTAL ANGUISH IN VIOLATION OF PLAINTIFF SHAWN C. ALLEN'S RIGHTS AND CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT AND DELIBERATE INDIFFERENCE TO THE RIGHTS, HEALTH AND SAFETY UNDER THE [redacted] FOURTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION. SEE FACTS 1 [redacted] THROUGH 30.

33). THE PLAINTIFF HAS NO PLAIN, ADEQUATE OR COMPLETE REMEDY AT LAW TO REDRESS THE WRONGS DESCRIBED HEREIN. PLAINTIFF HAS BEEN AND WILL CONTIUE TO BE IRREPARABLY INJURED BY THE CONDUCT OF THE DEFENDANTS UNLESS THIS COURT GRANTS THE DECLARATORY AND INJUNCTIVE RELIEF WHICH PLAINTIFF SEEKS.

# VII
## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT THIS COURT ENTER JUDGEMENT GRANTING PLAINTIFF:

34). A DECLARATION THAT THE ACTS AND OMISSIONS DESCRIBED HEREIN VIOLATED PLAINTIFF'S RIGHTS UNDER THE CONSTITUTION AND LAWS OF THE UNITED STATES.

35). A PRELIMINARY AND PERMANENT INJUNCTION ORDERING DEFENDANTS TO STOP THE CRUEL AND UNUSUAL PUNISHMENTS AND TO STOP BEING DELIBERATELY INDIFFERENT TO THE RIGHTS, HEALTH AND SAFETY OF THE PLAINTIFF.

36). NOT TO RETALIATE IN ANY FORM OR FASHION TO PLAINTIFF, [redacted] AND NO RETALIATORY TRANSFERS.

37). COMPENSATORY DAMAGES IN THE AMOUNT OF $10,000 AGAINST EACH DEFENDANT, <u>JOINTLY</u> AND <u>SEVERALLY</u>.

38). PUNITIVE DAMAGES IN THE AMOUNT OF $50,000 <u>AGAINST EACH</u> DEFENDANT.

39). A JURY TRIAL ON <u>ALL</u> ISSUES TRIABLE BY JURY

40). PLAINTIFF'S <u>COST</u> IN THIS SUIT

41). <u>ANY</u> ADDITIONAL <u>RELIEF</u> THIS COURT DEEMS <u>JUST</u>, <u>PROPER</u>, AND <u>EQUITABLE</u>.

11/10/17
DATED

RESPECTFULLY SUBMITTED,
SHAWN C. ALLEN, PRO SE
CUMMINS UNIT
P.O. BOX 500
GRADY, AR 71644-0500

## VERIFICATION

I, SHAWN C. ALLEN #158525, HEREBY VERIFY UNDER PENALTY OF PERJURY THAT I HAVE READ THE FOREGOING VERIFIED COMPLAINT OF SHAWN C. ALLEN AND THE MATTERS ALLEGED THEREIN ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND MEMORY, EXCEPT AS TO MATTERS ALLEGED ON INFORMATION AND BELIEF AND AS TO THOSE, I BELIEVE THEM TO BE TRUE. SEE 28 U.S.C. § 1746.

EXECUTED AT CUMMINS UNIT GRADY, AR 71644 ON 11/10/17.

Shaun C. Allen #158525
CUMMINS UNIT
P.O. BOX 500
GRADY, AR 71644-0500

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

SHAWN C. ALLEN #158525 PLAINTIFF

V.S. CASE NO. ________ / JURY TRIAL

(DIRECTOR OF ARKANSAS
DEPARTMENT OF CORRECTIONS)
WENDY KELLY, ET. AL, DEFENDANTS

---

# DECLARATION OF SHAWN C. ALLEN

---

I, SHAWN C. ALLEN #158525, AM COMPETENT TO TESTIFY AND HAVE PERSONAL KNOWLEDGE REGARDING THE STATEMENTS CONTAINED IN THIS DECLARATION, I DO HEREBY STATE AND VERIFY THE FOLLOWING:

1. I AM AN INMATE INCARCERATED IN THE ARKANSAS DEPARTMENT OF CORRECTIONS, CUMMINS UNIT.

2. PLAINTIFF HAS LIMITED ACCESS TO THE LAW LIBRARY AND LIMITED KNOWLEDGE OF THE LAW. PLAINTIFF'S MANDATORY WORK ~~SEH~~ SCHEDULE SUBSTANTIALLY CONFLICTS WITH HIS LAW LIBRARY TIME.

PLAINTIFF'S
EX. A 1of2

11/10/17
DATE

Shaun C. Allen #158585
CUMMINS UNIT
P.O. BOX 500
GRADY, AR 71644-0500

# VERIFICATION

I, Shaun C. Allen, HEREBY VERIFY THAT I HAVE READ THIS DECLARATION AND THE FACTS STATED THEREIN ARE TRUE AND CORRECT UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. §1746.

EXECUTED AT CUMMINS UNIT GRADY, AR 71644 ON 11/10/17.

Shaun C. Allen
CUMMINS UNIT
P.O. BOX 500
GRADY, AR 71644-0500

RECEIVED OCT 03 2017 INMATE GRIEVANCE SUPERVISOR ADMINISTRATION BUILDING

**UNIT LEVEL GRIEVANCE FORM**(Attachment I)

FOR OFFICE USE ONLY
GRV. # CU-17-01[illegible]
Date Received: SEP 18 2017
GRV. Code #: CUMMINS UNIT GRIEVANCE OFFICE

Unit/Center Cummins
Name Shawn C. Allen
ADC# 158525 Brks # 10B Job Assignment 11 Hoe

9/16/17 (Date) STEP ONE: Informal Resolution

9/18/17 (Date) STEP TWO: Formal Grievance (All complaints/concerns should first be handled informally.) If the issue was not resolved during Step One, state why: I Should've Been Given The Opportunity To Surrender If not involved, I was shot at for 25 mins

_______, (Date) EMERGENCY GRIEVANCE (An emergency situation is one in which you may be subject to a substantial risk of physical harm: emergency grievances are not for ordinary problems that are not of serious nature). If you marked yes, give this completed form to the designated problem-solving staff, who will sign the attached emergency receipt. In an Emergency, state why: ______

*Is this Grievance concerning Medical or Mental Health Services?* _____ *If yes, circle one: medical or mental*

**BRIEFLY** state your one complaint/concern and be specific as to the complaint, **date**, place, name of personnel involved and how **you** were affected. (Please Print): On or About 9-14-17 E.R.T. was deployed at the Cummins Unit Because of an incident that took place in 9B/Barracks. There were several inmates destroying state property and causing chaos. The reason I'm complaining is that I never was given the chance to surrender before E.R.T. used tactical force. Due to E.R.T's excessive abuse of power and use of force under color of their authority my hearing in my ears has become slightly impaired I also hear a constant ringing and the gases that was used has caused my breathing to become short and labored. I was subjected to this cruel and unusual punishment, which is an 8th Amendment violation of my constitutional rights, for no reason at all. I was not involved in anything and should've been afforded the opportunity to surrender before force was used. Staff (E.R.T.) showed a complete indifference to my [redacted] health and safety during this incident. Furthermore, I was lying on the bathroom floor half of my body inside the shower and half of my body outside the shower when a chunk of the shower entrance wall was [redacted] blown to pieces

Shawn C. Allen
Inmate Signature

9/16/17
Date

***If you are harmed, threatened because of your use of the grievance process, report it immediately to the Warden or designee.***

**THIS SECTION TO BE FILLED OUT BY STAFF ONLY**

This form was received on 9/17/17 (date), and determined to be **Step One** and/or an Emergency Grievance yes (Yes or No). This form was forwarded to medical or mental health? No (Yes or No). If yes, name of the person in that department receiving this form: ______ Date ______

Jacqueline Gardner 87645 [signature] 9/17/17
PRINT STAFF NAME (PROBLEM SOLVER) ID Number Staff Signature Date Received

Describe action taken to resolve complaint, including **dates:** Staff used the amount of force that was necessary to gain control of the situation. All involved I/m's were afforded medical attention while at the visitation center.

[signature] 9/18/17
Staff Signature & Date Returned

Shawn C. Allen 9/18/17
Inmate Signature & Date Received

This form was received on ________ (date), pursuant to **Step Two**. Is it an Emergency? ______ (Yes or No).
Staff Who Received Step Two Grievance: ______ Date: ______
Action Taken: ______ (Forwarded to Grievance Officer/Warden/Other) Date: ______
If forwarded, provide name of person receiving this form: ______ Date: ______

**DISTRIBUTION: YELLOW & PINK** - Inmate Receipts; **BLUE** - Grievance Officer; **ORIGINAL** - Given back to Inmate after Completion of Step One and Step Two.

Plaintiff's Ex. A-1.

RECEIVED

OCT 0 3 2017

INMATE GRIEVANCE SUPERVISOR
ADMINISTRATION BUILDING

RECEIVED
[redacted]
INMATE GRIEVANCE SUPERVISOR
ADMINISTRATION BUILDING

RECEIVED
INMATE GRIEVANCE SUPERVISOR
ADMINISTRATION BUILDING

IGTT410
3GS

Attachment III

INMATE NAME: Allen, Shaun ADC #: 158525B GRIEVANCE #: CU-17-01221

WARDEN/CENTER SUPERVISOR'S DECISION

I have reviewed your grievance dated, September 16, 2017. You state, "On or about 9-14-17 E.R.T. was deployed at the Cummins Unit because of an incident that took place in 9B/Barracks. There were several inmates destroying state property and causing chaos. The reason I'm complaining is that I never was given a chance to surrender before R.R.T. used tactical force. Due to E.R.T.'s excessive abuse of power and use of force under color of their authority my haring in my ears has become slightly impaired I also hear a constant ringing and the gases that was used has caused my breathing to become short and labored. I was subjected to this cruel and unusual punishment, which is an 8th Amendment violation of my constitutional rights, for no reason at all. I was not involved in anything and should've been afforded the opportunity to surrender before force was used. Staff (E.R.T.) showed complete indifference to my health and safety during the incident. Furthermore, I was lying on the bathroom floor half of my body inside the shower and half of my body inside the shower and half of my body outside the shower when a chunk of the shower entrance wall was blown to pieces."

Please be advised, due to the safety and security of the institution, direct orders were given for inmates that were not involved to enter the hallway. However, no inmates exited the barracks after three orders. In order to ensure the safety and security of all inmates, as well as staff, the minimum amount of force was used to regain control of the situation. Also, at no time was the bathroom wall destroyed. Therefore, I find your complaint without merit.

Signature of Warden/Supervisor or Designee | Warden | 9-22-17
Title | Date

**INMATE'S APPEAL**

If you are not satisfied with this response, you may appeal this decision within five working days by filling in the information requested below and mailing it to the appropriate Chief Deputy/Deputy/Assistant Director along with the Unit Level Grievance Form. Keep in mind that you are appealing the decision to the original grievance. Do not list additional issues, which are not part of your original grievance as they will not be addressed. Your appeal statement is limited to what you write in the space provided below.

WHY DO YOU DISAGREE WITH THE ABOVE RESPONSE? THE A.R.E. AND FEDERAL RULES OF EVIDENCE RULE 803 PROVIDES "THE FOLLOWING ARE NOT EXCLUDED BY THE HEARSAY RULE, EVEN THOUGH THE DECLARANT IS AVAILABLE AS A WITNESS: (1) PRESENT SENSE IMPRESSION, (2) EXCITED UTTERANCE, (3) THEN-EXISTING MENTAL, EMOTIONAL, OR PHYSICAL CONDITION, (4) STATEMENTS FOR PURPOSES OF MEDICAL DIAGNOSIS OR TREATMENT, (5) RECORDED RECOLLECTION, (6) RECORDS OF REGULARLY CONDUCTED BUSINESS ACTIVITY, (8) PUBLIC RECORDS AND REPORTS. A.R.E. RULE 803(1)(2)(3)(4)(5)(6)(8), HEARSAY EXCEPTIONS-AVAILABILITY OF DECLARANT IMMATERIAL. (2014); FEDERAL RULES OF EVIDENCE RULE 803(1)(2)(3)(4)(5)(6)(8), EXCEPTIONS TO THE [redacted] RULE AGAINST HEARSAY- REGARDLESS OF WHETHER THE DECLARANT IS AVAILABLE AS A WITNESS. (2014). IN THE PRESENT SITUATION THE COMPLAINANT HAS DECLARED NUMEROUS MATERIAL FACTS IN A GRIEVANCE AT CUMMINS UNIT ON [9/16/17]. SEE ATTACHED AND ACCOMPANIED UNIT LEVEL GRIEVANCE FORM. SHAUN L. ALLEN, (9/16/17). THUS WHEN THE PREVIOUS RULES OF EVIDENCE ARE APPLIED TO THE COMPLAINANT'S COMPLAINT HE HAS MERIT.

WHEREFORE, THE COMPLAINANT PRAY THAT THE HONORABLE DIRECTOR FIND HIS COMPLAINT WITH MERIT AND GIVE HIM ANY OTHER [redacted] RELIEF THEY DEEM JUST AND PROPER.

PLAINTIFFS
EX. A-2

Shawn C. Allen | 158525 | 9/25/17
Inmate Signature | ADC# | Date

RECEIVED

OCT 03 2017

INMATE GRIEVANCE SUPERVISOR
ADMINISTRATION BUILDING

IGTT430
3GD

Attachment VI

INMATE NAME: Allen, Shaun    ADC #: 158525    GRIEVANCE#:CU-17-01221

**CHIEF DEPUTY/DEPUTY/ASSISTANT DIRECTOR'S DECISION**

In your grievance dated, September 16, 2017, you stated, "On or about 9-14-17 E.R.T. was deployed at the Cummins Unit because of an incident that took place in 9B/Barracks. There were several inmates destroying state property and causing chaos. The reason I'm complaining is that I never was given a chance to surrender before R.R.T. used tactical force. Due to E.R.T.'s excessive abuse of power and use of force under color of their authority my haring in my ears has become slightly impaired I also hear a constant ringing and the gases that was used has caused my breathing to become short and labored. I was subjected to this cruel and unusual punishment, which is an 8th Amendment violation of my constitutional rights, for no reason at all. I was not involved in anything and should've been afforded the opportunity to surrender before force was used. Staff (E.R.T.) showed complete indifference to my health and safety during the incident. Furthermore, I was lying on the bathroom floor half of my body inside the shower and half of my body inside the shower and half of my body outside the shower when a chunk of the shower entrance wall was blown to pieces."

On 9/22/17 the warden responded, "Please be advised, due to the safety and security of the institution, direct orders were given for inmates that were not involved to enter the hallway. However, no inmates exited the barracks after three orders. In order to ensure the safety and security of all inmates, as well as staff, the minimum amount of force was used to regain control of the situation. Also, at no time was the bathroom wall destroyed. Therefore, I find your complaint without merit."

Your appeal was received on 10/3/17. In review of your appeal and the warden's response, I concur with the warden's decision. Your appeal has no merit.

Appeal denied.

Director    Date 10-24-17



PLAINTIFF'S EX. A-3.

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

SHAWN C. ALLEN #158505 PLAINTIFF

VS. CASE NO. ________ / JURY TRIAL

(DIRECTOR OF ARKANSAS
DEPARTMENT OF CORRECTIONS)
WENDY KELLY, ET. AL, DEFENDANTS

---

DECLARATION OF BRIAN KEITH MORRISON
ADC # 153866

---

I, BRIAN KEITH MORRISON # 153866, AM COMPETENT TO TESTIFY AND HAVE PERSONAL KNOWLEDGE REGARDING THE STATEMENTS CONTAINED IN THIS DECLARATION, I DO HEREBY STATE AND VERIFY THE FOLLOWING:

1. I AM AN INMATE INCARCERATED IN THE ARKANSAS DEPARTMENT OF CORRECTIONS, CUMMINS UNIT.

2. I WAS AN INMATE AT CUMMINS UNIT LIVING IN 10B/ BARRACKS RACK #2 ON 9-14-17 WHEN E.R.T. AND OTHERS WAS DEPLOYED AT THE CUMMINS UNIT.

PLAINTIFF'S
EX. B

3) UPON INFORMATION AND BELIEF E.R.T. AND THE HOE SQUAD RIDERS OF THE ARKANSAS DEPARTMENT OF CORRECTIONS DID NOT GIVE THE INMATES IN 9B/BARRACKS THE OPPORTUNITY TO SURRENDER WHEN THEY WAS TRAPPED BETWEEN EAST 2 AND EAST 3 RIOT GATES, AND WHEN THEY WAS LYING ON THEIR RACKS AND BATHROOM/BARRACKS FLOOR BEFORE EXTREME TACTICAL FORCE WAS USED. SEE FOREGOING ATTACHED PLAINTIFF'S VERIFIED COMPLAINT OF SHAUN C. ALLEN. (11/10/17 ); SEE ATTACHED PLAINTIFF'S EX. C. DECLARATION OF JOHNATHAN WAYNE HUNT. (11/10/17 ); SEE ATTACHED PLAINTIFF'S EX. D. DECLARATION OF DEWAYNE WRIGHT. (11/10/17 ) [redacted]

4). E.R.T. AND THE HOE SQUAD RIDERS OF THE ARKANSAS DEPARTMENT OF CORRECTIONS DID NOT GIVE ME OR [redacted] ANYONE ELSE THE OPPORTUNITY TO SURRENDER WHEN WE WAS TRAPPED BETWEEN EAST 2 AND EAST 3 RIOT GATES, WHEN WE [redacted] WAS LYING ON OUR [redacted] RACKS AND OR BATHROOM/BARRACKS FLOOR BEFORE EXTREME TACTICAL FORCE WAS USED. SEE FOREGOING ATTACHED PLAINTIFF'S VERIFIED COMPLAINT OF SHAUN C. ALLEN. (11/10/17 ); SEE ATTACHED PLAINTIFF'S EX. C. DECLARATION OF JOHNATHAN WAYNE HUNT. (11/10/17); SEE ATTACHED PLAINTIFF'S EX. D. DECLARATION OF DEWAYNE WRIGHT. (11/10/17 ); SEE PLAINTIFF'S EX. E. DECLARATION OF DERRICK GOFF. (11/10/17 ).

5). I WITNESSED EVERYTIME INMATE CAMACHO STUCK HIS HEAD OUTSIDE OF 10B/BARRACKS DOOR E.R.T. AND OTHERS SHOT AT HIM. SEE FOREGOING ATTACHED PLAINTIFF'S VERIFIED COMPLAINT

OF SHAWN C. ALLEN. (11/10/17 ); SEE ATTACHED PLAINTIFF'S EX. C. DECLARATION OF JOHNATHAN WAYNE HUNT. (11/10/17 ); SEE ATTACHED PLAINTIFF'S EX. D. DECLARATION OF DEWAYNE WRIGHT. (11/10/17 ); SEE PLAINTIFF'S EX. E. DECLARATION OF DERRICK GOFF. (11/10/17 ).

6) WHEN E.R.T. AND THE HOE SQUAD RIDERS BREACHED 10B/ BARRACKS EVERYBODY WAS LYING FACE DOWN TRYING TO SURRENDER. SEE FOREGOING ATTACHED PLAINTIFF'S VERIFIED COMPLAINT OF SHAWN C. ALLEN. (11/10/17); SEE ATTACHED PLAINTIFF'S EX. C. DECLARATION OF JOHNATHAN WAYNE HUNT. (11/10/17); SEE ATTACHED PLAINTIFF'S EX. D. DECLARATION OF DEWAYNE WRIGHT. (11/10/17 ); SEE PLAINTIFF'S EX. E. DECLARATION OF DERRICK GOFF. (11/10/17 ).

7) UPON INFORMATION AND BELIEF OF THE INMATES HOUSED IN 9B/ BARRACKS ON 9-14-17 3 INMATES WHERE KICKED AND BEATUP BY E.R.T. AND HOE SQUAD RIDERS WHILE THEY WAS LYING FACE DOWN ON THE FLOOR TRYING TO SURRENDER. SEE FOREGOING ATTACHED PLAINTIFF'S VERIFIED COMPLAINT OF SHAWN C. ALLEN. (11/10/17 ); SEE ATTACHED PLAINTIFF'S EX. C. DECLARATION OF JOHNATHAN WAYNE HUNT (11/10/17); SEE ATTACHED PLAINTIFF'S EX. D. DECLARATION OF DEWAYNE WRIGHT. (11/10/17 ).

8) E.R.T. AND THE HOE SQUAD RIDERS GASED AND SHOT IN 10B/ BARRACKS FOR APPROX. 25 TO 30 MINUTES CONSTANTLY. SEE FOREGOING ATTACHED PLAINTIFF'S VERIFIED COMPLAINT OF SHAWN

C. ALLEN. (11/10/17 ); SEE ATTACHED PLAINTIFF'S EX. C DECLARATION OF JOHNATHAN WAYNE HUNT (11/10/17); SEE ATTACHED PLAINTIFF'S EX. D. DECLARATION OF DEWAYNE WRIGHT. (11/10/17).

9). DEWAYNE WRIGHT TOLD ME AND OTHERS WHEN WE WAS IN THE VISITATION AREA AFTER WE HAD [redacted] BEEN EXTRACTED THAT AN C.R.T. MEMBER OR HOE SQUAD RIDER DURING THE BREACH CALLED HIS NAME AND WHEN HE LOOKED UP THEY KICKED HIM IN THE FACE. SEE FOREGOING ATTACHED PLAINTIFF'S VERIFIED COMPLAINT OF SHAWN C. ALLEN. (11/10/17 ); SEE ATTACHED PLAINTIFF'S EX. C. DECLARATION OF JOHNATHAN WAYNE HUNT. (11/10/17); SEE ATTACHED PLAINTIFF'S EX. D. DECLARATION OF DEWAYNE WRIGHT. (11/10/17).

10). DURING C.R.T.'S AND THE HOE SQUAD RIDER'S BREACH ON [redacted] 10B/BARRACKS I WAS LYING FACE DOWN ON THE FLOOR SCARED AND FEARING FOR MY LIFE.

11/10/17
DATE

Brian Mansen
CUMMINS UNIT
P.O. BOX 500
GRADY, AR 71644-0500

# VERIFICATION

I, Brian Morrison, HEREBY VERIFY UNDER PENALTY OF PERJURY THAT I HAVE READ THE FOREGOING DECLARATION AND THE MATTERS ALLEGED THEREIN ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND MEMORY, EXCEPT AS TO MATTERS ALLEGED ON INFORMATION AND BELIEF AND AS TO THOSE, I BELIEVE THEM TO BE TRUE. SEE 28 U.S.C. § 1746.

EXECUTED AT CUMMINS UNIT GRADY, AR 71644 ON 11/10/17.

Brian Morrison
CUMMINS UNIT
P.O. BOX 500
GRADY, AR 71644-0500

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

SHAWN C. ALLEN #158525 PLAINTIFF

VS. CASE NO._____________ / JURY TRIAL

(DIRECTOR OF ARKANSAS
DEPARTMENT OF CORRECTIONS)
WENDY KELLY, ET. AL, DEFENDANTS

---

DECLARATION OF JOHNATHAN WAYNE HUNT
ADC # 157338

---

I, JOHNATHAN WAYNE HUNT # 157338, AM COMPETENT TO TESTIFY AND HAVE PERSONAL KNOWLEDGE REGARDING THE STATEMENTS CONTAINED IN THIS DECLARATION, I DO HEREBY STATE AND VERIFY THE FOLLOWING:

1). I AM AN INMATE INCARCERATED IN THE ARKANSAS DEPARTMENT OF CORRECTIONS, CUMMINS UNIT.

2). I WAS AN INMATE AT CUMMINS UNIT LIVING IN 10B/ BARRACKS RACK # 14 ON 9-14-17 WHEN E.R.T. AND OTHERS WAS DEPLOYED AT THE CUMMINS UNIT.

PLAINTIFF'S
Ex. C

3). Upon information and belief C.R.T. and the Hoe Squad Riders of the Arkansas Department of Corrections did not give the inmates in 9B/Barracks the opportunity to surrender when they was trapped between East 2 and East 3 Riot Gates, and when they was lying on their racks and bathroom/barracks floor before extreme tactical force was used. See foregoing attached Plaintiff's Verified Complaint of Shaun C. Allen (11/10/17 ); see attached Plaintiff's Ex. B. Declaration of Brian Keith Morrison. (11/10/17 ); see attached Plaintiff's Ex. D. Declaration of Dewayne Wright. (11/10/17 ).

4). C.R.T. and the Hoe Squad Riders of the Arkansas Department of Corrections did not give me or anyone else the opportunity to surrender when we was trapped between East 2 and East 3 Riot Gates, when [redacted] we was lying on our racks and or bathroom/barracks floor before extreme tactical force was used. See foregoing attached Plaintiff's Verified Complaint of Shaun C. Allen (11/10/17); see attached Plaintiff's Ex. B. Declaration of Brian Keith Morrison (11/10/17 ); see attached Plaintiff's Ex. D. Declaration of Dewayne Wright. (11/10/17 ). See attached Plaintiff's Ex. E. Declaration of Derrick Goff (11/10/17).

5). I witnessed everytime inmate Camacho stuck his head outside of 10B/Barracks door C.R.T. and others shot at him. See foregoing attached Plaintiff's Verified Complaint

OF SHAWN C. ALLEN (11/10/17); SEE ATTACHED PLAINTIFF'S EX. B. DECLARATION OF BRIAN KEITH MORRISON. (11/10/17); SEE ATTACHED PLAINTIFF'S EX. D. DECLARATION OF DEWAYNE WRIGHT. (11/10/17). SEE ATTACHED PLAINTIFF'S EX. E DECLARATION OF DERRICK COFF (11/10/17).

6). WHEN E.R.T. AND THE HOE SQUAD RIDERS BREACHED 10B/ BARRACKS EVERYBODY WAS LYING FACE DOWN TRYING TO SURRENDER. SEE FOREGOING ATTACHED PLAINTIFF'S VERIFIED COMPLAINT OF SHAWN C. ALLEN. (11/10/17); SEE ATTACHED PLAINTIFF'S EX. B. DECLARATION OF BRIAN KEITH MORRISON. (11/10/17); SEE ATTACHED PLAINTIFF'S EX. D. DECLARATION OF DEWAYNE WRIGHT. (11/10/17). SEE ATTACHED PLAINTIFF'S EX. E. DECLARATION OF DERRICK COFF. (11/10/17).

7). UPON INFORMATION AND BELIEF OF THE INMATES HOUSED IN 9B/ BARRACKS ON 9-14-17[3] INMATES WHERE KICKED AND BEATUP BY E.R.T. AND HOE SQUAD RIDERS WHILE THEY WAS LYING FACE DOWN ON THE FLOOR TRYING TO SURRENDER. SEE FOREGOING ATTACHED PLAINTIFF'S VERIFIED COMPLAINT OF SHAWN C. ALLEN. (11/10/17); SEE ATTACHED PLAINTIFF'S EX. B. DECLARATION OF BRIAN KEITH MORRISON. (11/10/17); SEE ATTACHED PLAINTIFF'S EX. D. DECLARATION OF DEWAYNE WRIGHT. (11/10/17).

[redacted]

8). E.R.T. AND THE HOE SQUAD RIDERS GASSED AND SHOT IN 10B/ BARRACKS FOR APPROX. 25 TO 30 MINUTES CONSTANTLY. SEE FOREGOING ATTACHED PLAINTIFF'S VERIFIED COMPLAINT OF SHAWN

C. Allen. (11/10/17 ); see attached Plaintiff's Ex. B. Declaration of Brian Keith Morrison. (11/10/17 ); see attached Plaintiff's Ex. D. Declaration of Dewayne Wright. (11/10/17 ).

9). Upon information and belief when E.R.T. and the Hoe Squad Riders breached 10B/Barracks someone called Dewayne Wrights name and when he looked up they kicked him in the face. see foregoing attached Plaintiff's Verified Complaint of Shaun C. Allen. (11/10/17 ); see attached Plaintiff's Ex. B. Declaration of Brian Keith Morrisson. (11/10/17 ); see attached Plaintiff's Ex. D. Declaration of Dewayne Wright. (11/10/17 ).

10). During E.R.T.'s and the Hoe Squad Rider's breach on 10B/ Barracks I was lying face down on the floor scared and fearing for my life.

11-10-17
Date

[signature]
Cummins Unit
P.O. Box 500
Grady, AR 71644-0500

# VERIFICATION

I, Jonathan Wayne Hunt, HEREBY VERIFY UNDER PENALTY OF PERJURY THAT I HAVE READ THE FOREGOING DECLARATION AND THE MATTERS ALLEGED THEREIN ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND MEMORY, EXCEPT AS TO MATTERS ALLEGED ON INFORMATION AND BELIEF AND AS TO THOSE, I BELIEVE THEM TO BE TRUE. SEE 28 U.S.C. § 1746

EXECUTED AT CUMMINS UNIT, GRADY, AR 71644 ON 10-10-17.

Jonathan Wayne [signature]

CUMMINS UNIT
P.O. BOX 500
GRADY, AR 71644-0500

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

SHAWN C. ALLEN #155505 PLAINTIFF

VS. CASE NO.________ / JURY TRIAL

(DIRECTOR OF ARKANSAS
DEPARTMENT OF CORRECTIONS)
WENDY KELLY, ET. AL, DEFENDANTS

---

# DECLARATION OF DEWAYNE WRIGHT
# ADC # 141874

---

I, DEWAYNE WRIGHT # 141874, AM COMPETENT TO TESTIFY AND HAVE PERSONAL KNOWLEDGE REGARDING THE STATEMENTS CONTAINED IN THIS DECLARATION, I DO HEREBY STATE AND VERIFY THE FOLLOWING:

1). I AM AN INMATE INCARCERATED IN THE ARKANSAS DEPARTMENT OF CORRECTIONS, CUMMINS UNIT.

2). I WAS AN INMATE AT CUMMINS UNIT LIVING IN 10B/ BARRACKS RACK # 47 ON 9-14-17 WHEN E.R.T. AND OTHERS WAS DEPLOYED AT THE CUMMINS UNIT.

PLAINTIFF'S
EX. D

3). UPON INFORMATION AND BELIEF C.R.T. AND THE HOE SQUAD RIDERS OF THE ARKANSAS DEPARTMENT OF CORRECTIONS DID NOT GIVE THE INMATES IN 9B/BARRACKS THE OPPORTUNITY TO SURRENDER WHEN THEY WAS TRAPPED BETWEEN EAST 2 AND EAST 3 RIOT GATES, AND WHEN THEY WAS LYING ON THEIR RACKS AND BATHROOM/BARRACKS FLOOR BEFORE EXTREME TACTICAL FORCE WAS USED. SEE FOREGOING ATTACHED PLAINTIFF'S VERIFIED COMPLAINT OF SHAWN C. ALLEN. (11/10/17 ); SEE ATTACHED PLAINTIFF'S EX. B. DECLARATION OF BRIAN KEITH MORRISON. (11/10/17 ); SEE ATTACHED PLAINTIFF'S EX. C. [redacted] DECLARATION OF JOHNATHAN WAYNE HUNT. (11/10/17 ).

4). C.R.T. AND THE HOE SQUAD RIDERS OF THE ARKANSAS DEPARTMENT OF CORRECTIONS DID NOT GIVE ME OR ANYONE ELSE THE OPPORTUNITY TO SURRENDER WHEN WE WAS TRAPPED BETWEEN EAST 2 AND EAST 3 RIOT GATES, WHEN WE WAS LYING ON OUR RACKS AND OR BATHROOM/BARRACKS FLOOR BEFORE EXTREME TACTICAL FORCE WAS USED. SEE FOREGOING ATTACHED PLAINTIFF'S VERIFIED COMPLAINT OF SHAWN C. ALLEN. (11/10/17); SEE ATTACHED PLAINTIFF'S EX. B. DECLARATION OF BRIAN KEITH MORRISON. (11/10/17 ); SEE ATTACHED PLAINTIFF'S EX. C. DECLARATION OF JOHNATHAN WAYNE HUNT. (11/10/17 ).

5). I WITNESSED EVERYTIME INMATE CAMACHO STUCK HIS HEAD OUTSIDE OF 10B/BARRACKS DOOR C.R.T. AND OTHERS SHOT AT HIM. SEE FOREGOING ATTACHED PLAINTIFF'S VERIFIED COMPLAINT

OF SHAWN C. ALLEN. (11/10/17); SEE ATTACHED PLAINTIFF'S EX. B. DECLARATION OF BRIAN KEITH MORRISON. (11/10/17); SEE ATTACHED PLAINTIFF'S EX. C. DECLARATION OF JOHNATHAN WAYNE HUNT. (11/10/17); SEE ATTACHED PLAINTIFF'S EX. E. DECLARATION OF DERRICK GOFF. (11/10/17).

6). WHEN E.R.T. AND THE HOE SQUAD RIDERS BREACHED 10B/ BARRACKS EVERYBODY WAS LYING FACE DOWN TRYING TO SURRENDER. SEE FOREGOING ATTACHED PLAINTIFF'S VERIFIED COMPLAINT OF SHAWN C. ALLEN. (11/10/17); SEE ATTACHED PLAINTIFF'S EX. B. DECLARATION OF BRIAN KEITH MORRISON. (11/10/17); SEE ATTACHED PLAINTIFF'S EX. C. DECLARATION OF JOHNATHAN WAYNE HUNT. (11/10/17); SEE ATTACHED PLAINTIFF'S EX. E. DECLARATION OF DERRICK GOFF. (11/10/17).

7). UPON INFORMATION AND BELIEF OF THE INMATES HOUSED IN 9B/BARRACKS ON 9-14-17 INMATES WHERE KICKED AND BEATUP BY E.R.T. AND HOE SQUAD RIDERS WHILE THEY WAS LYING FACE DOWN ON THE FLOOR TRYING TO SURRENDER. SEE FOREGOING ATTACHED PLAINTIFF'S VERIFIED COMPLAINT OF SHAWN C. ALLEN. (11/10/17); SEE ATTACHED PLAINTIFF'S EX. B. DECLARATION OF BRIAN KEITH MORRISON. (11/10/17); SEE ATTACHED PLAINTIFF'S EX. C. DECLARATION OF JOHNATHAN WAYNE HUNT. (11/10/17).

8). E.R.T. AND THE HOE SQUAD RIDERS GASED AND SHOT [redacted] IN 10B/BARRACKS FOR APPROX. 25 TO 30 MINUTES CONSTANTLY. SEE FOREGOING ATTACHED PLAINTIFF'S VERIFIED COMPLAINT OF SHAWN

C. ALLEN (11/10/17); SEE ATTACHED PLAINTIFF'S EX. B. DECLARATION OF BRIAN KEITH MORRISON. (11/10/17); SEE ATTACHED PLAINTIFF'S EX. C. DECLARATION OF JOHNATHAN WAYNE HUNT (11/10/17).

9). DURING E.R.T. AND THE HOE SQUAD RIDERS BREACH ON 10B/BARRACKS SOMEONE CALLED MY [redacted] NAME WHEN I WAS LYING ON MY STOMACHE ACROSS FROM RACK #47 AND IN BETWEEN RACKS # 15 AND RACK # 16 SOMEONE CALLED MY NAME AND WHEN I LOOKED UP THEY KICKED ME IN MY FACE. SEE FOREGOING ATTACHED PLAINTIFF'S VERIFIED COMPLAINT OF SHAWN C. ALLEN (11/10/17); SEE ATTACHED PLAINTIFF'S EX. B. DECLARATION OF BRIAN KEITH MORRISON. (11/10/17); SEE ATTACHED PLAINTIFF'S EX. C. DECLARATION OF JOHNATHAN WAYNE HUNT. (11/10/17).

10). DURING E.R.T.'S AND THE HOE SQUAD RIDER'S BREACH ON 10B/BARRACKS I WAS LYING FACE DOWN ON THE FLOOR SCARED AND FEARING FOR MY LIFE.

11-10-2017
DATE

Dewayne Wright
CUMMINS UNIT
P.O. BOX 500
GRADY, AR 71644-0500

# VERIFICATION

I, Dewayne Wright, HEREBY VERIFY UNDER PENALTY OF PERJURY THAT I HAVE READ THE FOREGOING DECLARATION AND THE MATTERS ALLEGED THEREIN ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND MEMORY, EXCEPT AS TO MATTERS ALLEGED ON INFORMATION AND BELIEF AND AS TO THOSE, I BELIEVE THEM TO BE TRUE. SEE 28 U.S.C. § 1746.

EXECUTED AT CUMMINS UNIT GRADY, AR 71644 ON 11-10-17.

Dewayne Wright
Cummins Unit
P.O. Box 500
Grady, AR 71644-0500

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

SHAWN C. ALLEN #158525 PLAINTIFF

VS. CASE NO.__________ / JURY TRIAL

(DIRECTOR OF ARKANSAS
DEPARTMENT OF CORRECTIONS)
WENDY KELLY, ET. AL, DEFENDANTS

---

DECLARATION OF DERRICK GOFF
ADC#650079

---

I, DERRICK GOFF #650079, AM COMPETENT TO TESTIFY AND HAVE PERSONAL KNOWLEDGE REGARDING THE STATEMENTS CONTAINED IN THIS DECLARATION, I DO HEREBY STATE AND VERIFY THE FOLLOWING:

1. I AM AN INMATE INCARCERATED IN THE ARKANSAS DEPARTMENT OF CORRECTIONS, CUMMINS UNIT.

2. I WAS AN INMATE AT CUMMINS UNIT LIVING IN 10B/ BARRACKS RACK #39 ON 9-14-17 WHEN C.R.T. AND OTHERS WAS DEPLOYED AT THE CUMMINS UNIT.

PLAINTIFF'S
EX. E

3). E.R.T. AND THE HOE SQUAD RIDERS OF THE ARKANSAS DEPARTMENT OF CORRECTIONS DID NOT GIVE ME OR ANYONE ELSE THE OPPORTUNITY TO SURRENDER WHEN WE WAS TRAPPED BETWEEN EAST 2 AND EAST 3 RIOT GATES, WHEN WE WAS LYING ON OUR RACKS AND OR BATHROOM/BARRACKS FLOOR BEFORE EXTREME TACTICAL FORCE WAS USED. SEE FOREGOING ATTACHED PLAINTIFF'S VERIFIED COMPLAINT OF SHAWN C. ALLEN. (11/10/17); SEE ATTACHED PLAINTIFF'S EX. B. DECLARATION OF BRIAN KEITH MORRISON. (11/10/17); SEE ATTACHED PLAINTIFF'S EX. C. DECLARATION OF JOHNATHAN WAYNE HUNT. (11/10/17); SEE ATTACHED PLAINTIFF'S EX. D. DECLARATION OF DEWAYNE WRIGHT. (11/10/17).

4) I WITNESSED EVERYTIME INMATE CAMACHO STUCK HIS HEAD OUTSIDE OF 10B/BARRACKS DOOR E.R.T. AND OTHERS SHOT AT HIM. SEE FOREGOING ATTACHED PLAINTIFF'S VERIFIED COMPLAINT OF SHAWN C. ALLEN. (11/10/17); SEE ATTACHED PLAINTIFF'S EX. B. DECLARATION OF BRIAN KEITH MORRISON. (11/10/17); SEE ATTACHED PLAINTIFF'S EX. C. DECLARATION OF JOHNATHAN WAYNE HUNT. (11/10/17); SEE ATTACHED PLAINTIFF'S EX. D. DECLARATION OF DEWAYNE WRIGHT. (11/10/17).

5). WHEN E.R.T. AND THE HOE SQUAD RIDERS BREACHED 10B/BARRACKS EVERYBODY WAS LYING FACE DOWN TRYING TO SURRENDER. SEE FOREGOING ATTACHED PLAINTIFF'S VERIFIED COMPLAINT OF SHAWN C. ALLEN. (11/10/17); SEE ATTACHED PLAINTIFF'S EX. B.

DECLARATION OF BRIAN KEITH MORRISON (11/10/17); SEE ATTACHED PLAINTIFF'S EX. C. DECLARATION OF JOHNATHAN WAYNE HUNT. (11/10/17); SEE ATTACHED PLAINTIFF'S EX. D. DECLARATION OF DEWAYNE WRIGHT. (11/10/17).

(6). DURING E.R.T.'S AND THE HOE SQUAD RIDER'S BREACH ON 10B/BARRACKS I WAS LYING FACE DOWN ON THE FLOOR SPOOKED.

11-10-17
DATE

Derrick Goff D.
CUMMINS UNIT
P.O. BOX 500
GRADY, AR 71644-0500

# VERIFICATION

I, Dirick Goff, HEREBY VERIFY UNDER PENALTY OF PERJURY THAT I HAVE READ THE FOREGOING DECLARATION AND THE MATTERS ALLEGED THEREIN ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND MEMORY, EXCEPT AS TO MATTERS ALLEGED ON INFORMATION AND BELIEF AND AS TO THOSE, I BELIEVE THEM TO BE TRUE. SEE 28 U.S.C. § 1746.

EXECUTED AT CUMMINS UNIT, GRADY AR, 71644 ON 11-10-17.

Dirick Goff D.
Cummins Unit
P.O. Box 500
Grady, AR 71644